# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 29, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| SCOTT V. BARTKUS, *Administrator of the* * | UNPUBLISHED |
| *Estate of* LAWRENCE A. MARRA, JR, * | |
|  * | No. 15-261V |
| *Deceased*, * | |
|                    Petitioner, * | Special Master Gowen |
| v.                                                      * | |
|  * | Joint Stipulation; Influenza; |
| SECRETARY OF HEALTH                     * | Necrotizing Muscle Myopathy; |
| AND HUMAN SERVICES,                      * | Death. |
|  * | |
|                   Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioner.
Lisa Ann Watts, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On March 13, 2015, Lawrence A. Marra, Jr. ("Mr. Marra") filed a petition in the National Vaccine Injury Compensation Program ("Program").[2] Petition, ECF No. 1. Mr. Marra filed an amended petition on June 10, 2015. Amended Petition, ECF No. 10. On April 16, 2018, the case caption was amended to reflect that Mr. Marra had passed away and Mr. Scott V. Bartkus ("petitioner"), was appointed administrator of his estate. Order Granting Motion to Amend Case Caption, ECF No. 63. Mr. Bartkus filed a second amended petition on June 29, 2018, alleging that Mr. Marra suffered necrotizing muscle myopathy as the result of an influenza ("flu") vaccination

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

he received on or about September 17, 2012.[3] Second Amended Petition, ECF No. 70. Petitioner further alleged that Mr. Marra's death was the result of the effects of the flu vaccination. Second Amended Petition at Preamble & ¶ 20.

On October 29, 2018, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to petitioner. Stipulation for Award, ECF No. 74. Respondent denied that the flu vaccine caused Mr. Marra's alleged necrotizing muscle myopathy, or any other injury, and further denied that Mr. Marra's death was a sequela of a vaccine-related injury. *Id.* at ¶ 6.

Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards:**

**A lump sum of $95,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Lawrence A. Marra, Jr. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

**I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] The September 17, 2012 date of vaccination is supported by Mr. Marra's vaccination record. See Petitioner's Exhibit 6 at 100. Petitioner's Petition, Amended Petition, and Second Amended Petition inaccurately note the date of vaccination as September 22, 2012.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SCOTT BARTKUS, ) | |
| Administrator of the Estate of, ) | |
| LAWRENCE A. MARRA, JR., Deceased, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 15-261V (ECF) |
| v. ) | Special Master Gowen |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Lawrence Marra, Jr. ("Mr. Marra") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), seeking compensation for injuries allegedly related to Mr. Marra's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). An amended petition filed by Scott V. Bartkus, Administrator of the Estate of Lawrence A. Marra, Jr. ("petitioner"),[1] claims that Mr. Marra's alleged vaccine-related injury led to Mr. Marra's death on February 12, 2018.

2. Mr. Marra received a flu vaccine on or about September 17, 2012.[2]

3. The vaccine was administered within the United States.

---

[1] The case caption was changed by the Special Master on April 16, 2018.

[2] This date is supported by Mr. Marra's vaccination record. See Petitioner's Exhibit 6 at 100. The petitions filed on March 13, 2015, June 10, 2015, and June 29, 2018, include an incorrect vaccination date of September 22, 2012.

1

4. Petitioner alleges that Mr. Marra suffered necrotizing muscle myopathy, which was caused in fact by administration of the flu vaccine. Petitioner further alleges that Mr. Marra's vaccine-related injury was a substantial factor in his death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Marra's behalf as a result of Mr. Marra's alleged injury or death.

6. Respondent denies that the flu vaccine caused Mr. Marra's alleged necrotizing muscle myopathy, or any other injury, and further denies that Mr. Marra's death was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $95,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Lawrence A. Marra, Jr. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Lawrence A. Marra, Jr.'s estate under the laws of the State of Pennsylvania. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of Mr. Marra's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Lawrence A. Marra, Jr. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Lawrence A. Marra, Jr. upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as Administrator of the Estate of Lawrence A. Marra Jr., on behalf of Mr. Marra's estate and his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including

agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Marra resulting from, or alleged to have resulted from, the flu vaccine administered on or about September 17, 2012, as alleged in petitions for vaccine compensation filed on March 13, 2015, June 10, 2015, and June 29, 2018 in the United States Court of Federal Claims as petition No. 15-261V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Marra's alleged

necrotizing muscle myopathy, or any other injury, or that Mr. Marra's death was a sequela of a vaccine-related injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

/

END OF STIPULATION

/

Respectfully submitted,

PETITIONER:

_____
SCOTT V. BARTKUS, Administrator of the
Estate of LAWRENCE A. MARRA, JR.

ATTORNEY OF RECORD FOR
PETITIONER:

_____
DAVID J. CARNEY, ESQ.
ANAPOL WEISS
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 790-4567

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

_Ward Sorensen for_
_____
NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

DATE: 10/29/2018

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099

6