# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed:  April 19, 2019

```
* * * * * * * * * * * * *    *
SCOTT V. BARTKUS, Administrator  *
of the Estate of LAWRENCE A.     *
MARRA, JR., Deceased,            *        UNPUBLISHED
                                 *
         Petitioner,             *        No. 15-261V
                                 *        Special Master Gowen
v.                               *
                                 *        Attorneys' Fees and Costs
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
         Respondent.             *
* * * * * * * * * * * * *    *
```

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 9, 2019, Scott V. Bartkus ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 81). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$160,150.12**.

### I.      Procedural History

On March 13, 2015, Lawrence A. Marra, Jr. ("Mr. Marra") filed a petition in the National Vaccine Injury Compensation Program.[2] On April 16, 2018, the case caption was amended to

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

reflect that Mr. Marra had passed away and Scott V. Bartkus was appointed administrator of his estate. Petitioner filed a second amended petition on June 29, 2018, alleging that Mr. Marra suffered necrotizing muscle myopathy as the result of an influenza ("flu") vaccination he received on or about September 17, 2012. On October 29, 2018, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 75.

On January 9, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Mr. Lawrence Cohan, in the total amount of $166,292.08, representing $116,131.25 in attorneys' fees and $50,160.83 in costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner warrants that he not personally incurred any costs in pursuit of this litigation. Fees App. Ex. C. Respondent reacted to the fees motion on January 28, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 82). Petitioner did not file a reply. The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.    Attorneys' Fees

Petitioner requests the following rates of compensation for his attorneys: for Mr. Lawrence Cohan, $400.00 per hour for work performed in 2015, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, and $450.00 per hour for work performed in 2018; and for Mr. David Carney, $275.00 per hour for work performed before September 2016, $290.00 per hour for work performed between September 2016 to December 2017, and $315.00 per hour for work performed in 2018. Fees App. at 2. The rates requested for Mr. Carney are consistent with what he has previously been awarded for his work in the Vaccine Program during those time periods. However, the rates requested for Mr. Cohan's work require some adjustment because they exceed what has previously been awarded to Mr. Cohan. Previously, Mr. Cohan has billed at and been awarded $400.00 per hour for all work, including work performed after 2015. *See, e.g., Powers v. Sec'y of Health & Human Servs.* No. 15-1096V, 2018 WL 945779, at *1 (Fed. Cl. Spec. Mstr. Jan. 26, 2018); *Bible v. Sec'y of Health & Human Servs.*, No. 14-880V, 2019 WL

418504, at *2 (Fed. Cl. Spec. Mstr. Jan. 4, 2019); *Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2018 WL 4868997, at *2-3 (Fed. Cl. Spec. Mstr. Nov. 1, 2017).

In support of the requested new higher rates, petitioner lists Mr. Cohan's credentials and notes that the requested rates "are entirely consistent with the reasoning set forth in McCulloch for attorneys with more than 31+ years of practice. . . ." Fees App. at 4-5. What petitioner does not address, and what is ultimately fatal to his request for increased rates for Mr. Cohan's past work, is how the rates requested herein can be squared with the rates that Mr. Cohan has previously been consistently awarded for all of his previous vaccine program work. Indeed, while petitioner is able to cite to specific cases in justification for the rates requested for the work of his other attorney, Mr. Carney, petitioner provides no examples of previous instances in which a special master awarded Mr. Cohan the rates requested herein.

Crucially, in the previously cited cases which consider Mr. Cohan's rates, the special masters awarded him $400.00 per hour not only because such a rate was deemed reasonable under the standards set forth in *McCulloch*, but also because that was the rate at which Mr. Cohan warranted that he billed for his work. Each of those cases overlaps in time with the instant case. As he previously billed for work in that time period at the $400 an hour rate and was awarded that rate in multiple cases, I will follow those decisions as the years 2016-2017.   However, as Mr. Cohan has generally provided high quality representation of petitioners in difficult cases in this program and did so given the difficult facts in this case, I will allow a rate of $440 for 2018. This results in a reduction of **$1,771.00** from the final award of attorneys' fees.

The hours billed in this matter (369.9) also require some adjustment, specifically with the billing entries of Mr. Carney. There are many issues with the billing entries that have previously been noted by other special masters in past cases. For example, it appears that Mr. Carney believes that 0.2 hours is the minimum amount of time to bill for any task, a practice which has been noted can lead to overbilling. *McMurty v. Sec'y of Health & Human Servs.*, No. 15-405V, 2018 WL 5276700, at *3 (Fed. Cl. Spec. Mstr. Sep. 26, 2018). Second, Mr. Carney expended an excessive amount of time performing administrative tasks, such as preparing and filing documents and reviewing scheduling orders and calendaring dates. Fees App. at 10 (examples on 7/14/15, 7/15/15, and 8/17/15 of Mr. Carney billing 0.5 hours for preparing and filing medical records). Again, this practice has previously been noted by other special masters who have reviewed Mr. Carney's billing entries. *Bible*, 2019 WL 418504 at *4; *McMurty*, 2018 WL 5276700, at *3.

Overall, the hours billed by Mr. Carney in this case are excessive in my experience and warrant an overall reduction of 5%. The billing entries indicate that Mr. Carney billed a total of $87,419.25 in this matter. Thus, a reduction of **$4,370.96** will be made from the final award of attorneys' fees.

## b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $50,160.83. The majority of this amount ($47,130.00) is for the expert work of Dr. S. Sohail Ahmed. Fees App. at 29. Dr. Ahmed billed 94.26 hours at a rate of

$500.00 per hour for review of medical records and medical literature and the preparation of several expert reports. Dr. Ahmed's rate has previously been found to be reasonable by another special master, and I too find that $500.00 per hour is a reasonable rate for Dr. Ahmed's work. *See Horvath v. Sec'y of Health & Human Servs.*, No. 15-260V, 2018 WL 4868767, at *1 (Fed. Cl. Spec. Mstr. Aug. 28, 2018). Additionally, Dr. Ahmed kept extremely meticulous billing records of the work he performed for this case, allowing me to determine its reasonableness.  Accordingly, Dr. Ahmed's work shall be reimbursed in full.

The remaining requested costs are for acquiring medical records and travel expenses related to client meetings. These costs are typical of Vaccine Program litigation and Petitioner has provided adequate documentation of them. They too shall be reimbursed in full. Overall, petitioner is entitled to the full amount of attorneys' costs sought.

III.     **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $116,131.25 |
| (Reduction of Fees) | - ($6,141.96) |
| **Total Attorneys' Fees Awarded** | **$109,989.29** |
| | |
| Attorneys' Costs Requested | $50,160.83 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$50,160.83** |
| | |
| **Total Attorneys' Fees and Costs** | **$160,150.12** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $160,150.12 representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Lawrence Cohan.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**<u>s/Thomas L. Gowen</u>**
Thomas L. Gowen
Special Master